PUBLIC VERSION

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| YAN WANG,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>THE UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A,<br><br>　　　　　　Defendants. | Civil Action No. 1:25-cv-2292 |

## VERIFIED COMPLAINT

Plaintiff, Yan Wang ("Plaintiff"), by undersigned counsel, hereby complains of the Unincorporated Associations Identified on Schedule A ("Defendants"), and Plaintiff's Complaint hereby alleges as follows:

### THE NATURE OF THIS ACTION

1. Plaintiff brings this action against Defendants pursuant to the Federal Copyright Act, 17 U.S.C. § 101, et seq., for infringement of United States Copyright Registration No. ▆▆▆▆▆▆ (the "Copyright Registration").

2. Plaintiff obtained the Copyright Registration to protect the creative content of the ▆▆▆▆▆▆▆▆▆▆. A true and correct copy of the Copyright Registration is attached as Exhibit A.

### THE PARTIES

3. Plaintiff Yan Wang is the author and owner of record of the Copyright Registration with a place of business at luo hu qu bao neng zhong xin 1603A, ShenZhen 518023, P.R. China.

4. Defendants are all believed to be individuals, companies, and/or unincorporated

business associations who, upon information and belief, reside in foreign jurisdictions, namely China. Defendants sell infringing products on the Amazon.com Internet retail platform. Since Amazon.com and the other platforms named herein do not require the true names and contact information of sellers to be posted publicly, and sellers may publicly use fictitious names, the public seller names used on online retail stores are unreliable. The true names, identities, and addresses of Defendants are currently unknown.

5. Defendants conduct their operations through fully interactive commercial websites hosted on Amazon.com storefront webpages ("Infringing Webstores"). Each Defendant targets consumers in the United States, including the State of Virginia, and has offered to sell and, on information and belief, has sold and continues to sell infringing products ("Accused Products") that infringe the '843 Registration to consumers within the United States, including the State of Virginia and Eastern District of Virginia. For example, the Accused Products may be purchased by Virginia residents using the Amazon "Prime" online order system and delivered by an Amazon Prime delivery vehicle in this district (See Exhibit B).

6. Through their operation of the Infringing Webstores, Defendants are directly and personally engaging in the importation, offer for sale, and sale of Accused Products as alleged, oftentimes as partners and/or suppliers. On information and belief, Defendants may intentionally or otherwise conceal their identities and the full scope of their infringing operations in an effort to deter Plaintiff from learning Defendants' true identities and the exact interworking of Defendants' infringing acts.

## JURISDICTION AND VENUE

7. This is an action for copyright infringement arising under the laws of the United States, 17 U.S.C. §101 et seq. This Court has original subject matter jurisdiction under 17 U.S.C.

§ 101, et seq., 28 U.S.C. § 1338(a)–(b) and 28 U.S.C. § 1331.

8. This Court has personal jurisdiction over Defendants and venue is proper pursuant to Va. Code Ann. § 8.01-328.1 (1950). Personal jurisdiction exists over Defendants because Defendants have minimum contacts with this forum as a result of business regularly conducted within the Commonwealth of Virginia and within this district, and, on information and belief, specifically as a result of, at least, committing the tort of copyright infringement within Virginia and this District. This Court has personal jurisdiction over Defendants, in part, because Defendants do continuous and systematic business in this District, including by providing Accused Products and services to the residents of the Eastern District of Virginia through fully interactive websites that allow Accused Products to be purchased by Virginia residents and shipped to addresses in Virginia. Defendants knew the Accused Products would be used within this District, and have solicited business from the residents of the Eastern District of Virginia using online platforms such as the Amazon.com e-commerce platform.

9. Defendants from outside the United States have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b).

10. This Court has Personal jurisdiction over non-U.S. based Defendants because they have supplied their products into this district and under the Federal Long Arm Rule, FRCP 4(k)(2)

> (k)Territorial Limits of Effective Service (2) *Federal Claim Outside State-Court Jurisdiction.* For a claim that arises under federal law, serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant if: (A) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction; and (B) exercising jurisdiction is consistent with the United States Constitution and laws.

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants since Defendants directly target consumers in the United States, including Virginia, through at least the fully interactive

commercial internet stores operating under the Defendants aliases and/or the online marketplace accounts identified in Schedule A attached hereto. Specifically, Defendants are reaching out to do business with Virginia residents by operating one or more commercial, interactive internet stores through which Virginia residents can purchase products bearing infringing versions of Plaintiff's copyrighted work. The Defendants have targeted Virginia residents by operating online stores that offer shipping to the United States, including Virginia, accept payment in U.S. dollars and, on information and belief, has sold products bearing infringing versions of Plaintiff's federally registered copyrighted work to residents of Virginia. Each of the Defendants is committing tortious acts in Virginia, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Virginia.

## BACKGROUND AND GENERAL ALLEGATIONS

12. Plaintiff is a renowned graphic designer and early childhood educator with over eight years of experience in product design and educational content creation. Her work is dedicated to creating innovative learning tools that blend aesthetic appeal to children with pedagogical effectiveness.

13. The development of the Plaintiff's ▮▮▮▮▮▮▮▮▮▮" began in 2020. The inspiration for this unique design struck Plaintiff while observing her young son struggle to recognize ▮▮▮▮▮▮▮▮▮▮. She noticed the child was immediately drawn to and could easily identify ▮▮▮▮▮▮▮▮▮▮. This insight led to the creative vision of seamlessly merging ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. The design process involved hundreds of hours of meticulous sketching, digital rendering, and prototyping to ensure ▮▮▮▮▮▮ was not only educational but also visually stimulating for children.

14. Plaintiff commenced selling the ▉▉▉▉▉▉▉▉▉▉▉▉▉▉" in the United States via online platforms in 2021 and this product quickly gained traction, achieving sales of approximately 7000 units per month based on its unique design and positive customer reviews.

15. The success of Plaintiff's ▉▉▉▉ is due in large part to Plaintiff's marketing, promotional, and distribution efforts. Plaintiff has made efforts to protect her interests in and to the ▉▉▉▉ design and obtained the Copyright Registration to protect the creative content of the ▉▉▉▉ design. No one other than the Plaintiff's licensees are authorized to manufacture, import, export, advertise, create derivative works, offer for sale, or sell any goods utilizing the artistic aspects of the ▉▉▉▉ design without the express written permission of the Plaintiff.

16. However, after the product became a market success, defendants swarmed the market with copycat versions without Plaintiff's authorization or express written permission.

17. Defendants have fully interactive websites and marketplace listings on various platforms including but not limited to Amazon.com ("Defendant Internet Stores"). Defendants' target consumers in the United States, including the State of Virginia, and has offered to sell and, on information and belief, has sold and continues to sell infringing products that violate Plaintiff's intellectual property rights in the ▉▉▉▉ design to consumers within the United States, including the State of Virginia.

18. An exemplary table showing the Copyright Registration compared directly with the copycat product of Defendant #1 is shown below:

PUBLIC VERSION

19. Direct comparison charts of Plaintiff's copyright office deposit with each Defendant's infringing products are shown in Exhibit C.

20. These infringing products caused significant consumer confusion and damaged Plaintiff's brand, resulting in a sharp decline in sales to approximately 3000 units per month and forcing Plaintiff to lower the retail price to remain competitive, which has and is causing irreparable harm to Plaintiff. Plaintiff is losing customer reviews due to losing sales to the Defendants on Amazon.com, thereby lowering Plaintiff's Best Seller Rank and lowering Plaintiff's organic placement in Amazon.com's search engine results. The harm caused by, and that is being caused by, Defendants upon Plaintiff's Amazon.com sales and ranking cannot be reversed unless Defendants' infringing products are removed from the marketplace.

21. Upon information and belief, Defendants facilitate sales by designing the Defendant Internet Stores so that they appear to unknowing consumers to be authorized online retailers, outlet stores, or wholesalers selling genuine product with Plaintiff's ▮ designs.

22. Upon information and belief, at all times relevant hereto, the Defendants in this action have full knowledge of Plaintiff's ownership of the Copyright Registration, including Plaintiff's exclusive right to use and license such intellectual property and the goodwill associated

therewith.

23. Defendants, without any authorization or license, have knowingly and willfully used Plaintiff's works protected by copyright without permission in connection with the advertisement, distribution, offering for sale, and sale of infringing products into the United States and Virginia over the Internet. Defendant Internet Stores offer shipping to the United States, including Virginia, and, on information and belief, Defendants have offered to sell Infringing Products into the United States, including Virginia. Prior to the Accused Products entering the market, sales of Plaintiff's products under the Copyright Registration directly or through authorized licensees represented a significant portion of Plaintiff's business.

24. In an effort to illegally profit from the creative content of Plaintiff's copyrighted works without permission, Defendants have created numerous Defendant Internet Stores and designed them to appear to be selling authorized products with Plaintiff's copyrighted design.

25. Upon information and belief, many of the Accused Products are manufactured by factories based in China and sold wholesale either directly or through China-based e-commerce Internet Webstores. For example, sellers on Amazon.com purchase Accused Products in bulk from the factory or the Chinese e-commerce sites to sell on Defendant Internet Stores.

26. Defendants are individuals or business entities who, upon information and belief, reside in the People's Republic of China or other foreign jurisdictions. Defendants conduct business throughout the United States, including within Virginia and in this judicial district, through interstate commerce using the operation of the fully interactive commercial websites and online marketplaces operating as the Defendant Internet Stores. Defendants target the United States, including Virginia, and have offered to sell and, on information and belief, has sold and continues to sell products with unauthorized use Plaintiff's copyrighted works in the United States,

including Virginia and in this judicial district.

27. The Defendant Internet Stores share unique identifiers, such as design elements and similarities of the unauthorized copyrighted works, establishing a logical relationship between them and suggesting that Defendants' illegal operations arise out of the same transaction, occurrence, or series of transactions or occurrences. Defendants attempt to avoid liability by going to great lengths to conceal both their identities and the full scope and interworking of their illegal operation. Plaintiff is forced to file this action to combat Defendants' knock-offs of Plaintiff's copyrighted work. Plaintiff has been and continues to be irreparably damaged and harmed through loss of control over the creative content of the valuable copyright, reputation, goodwill, the quality, and ability to license as a result of Defendants' actions and seeks injunctive and monetary relief.

28. Defendants are trading upon Plaintiff's reputation, goodwill, and valuable copyrights by selling and/or offering for sale products in connection with Plaintiff's copyrighted works. Like many successful business owners, the aggregated effect of the mass violations of Plaintiff's intellectual property rights by online sellers has overwhelmed Plaintiff. Nevertheless, Plaintiff has enacted a policy to enforce Plaintiff's copyright against the hundreds of anonymous defendants which are selling infringing products at prices below an original, authorized product, including this action against Defendants.

29. Plaintiff has been and continues to be irreparably harmed through loss of control over Plaintiff's reputation, good will, ability to license, and the quality of goods featuring the copyrighted works protecting the creative aspects of the ▮▮▮▮ design.

## COUNT 1
## COPYRIGHT INFRINGEMENT

30. Plaintiff repeats and incorporates by reference herein the allegations contained in the above paragraphs of this Complaint.

31. The products with ▮ design under Copyright Registration No. ▮ has significant value and has been produced and created at considerable expense.

32. At all relevant times, Plaintiff has been the holder of the pertinent exclusive rights infringed by Defendants, as alleged hereunder, including but not limited to Copyright Registration No. ▮ including derivative works. The ▮ design in Copyright Registration No. ▮ is the subject of a valid Copyright Registration Certificate issued by the Register of Copyrights.

33. The Defendants, without the permission or consent of Plaintiff, have, and continue to sell online pirated derivative works of Plaintiff's copyrighted ▮ product. The Defendants have violated Plaintiff's exclusive rights of reproduction and distribution. The Defendants' actions constitute an infringement of Plaintiff's exclusive rights protected under the Copyright Act (17 U.S.C. §101 et seq.).

34. The foregoing acts constitute a collective enterprise of shared, overlapping facts and have been willful, intentional, and in disregard of and with indifference to the rights of the Plaintiff.

35. As a result of the Defendants' infringement of Plaintiff's exclusive rights under copyright, Plaintiff is entitled to relief pursuant to 17 U.S.C. §504 and to Plaintiff's attorneys' fees and costs pursuant to 17 U.S.C. §505.

36. The conducts of Defendants are causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured in money. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. §§502 and 503, Plaintiff is entitled to injunctive relief prohibiting Defendants from further infringing Plaintiff's copyright and ordering that Defendants destroy all unauthorized copies.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1) That Defendants, their affiliates, officers, agents, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

a. using Copyright Registration No. ▓▓▓▓▓▓ or any reproductions, copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or is not authorized by Plaintiff to be sold in connection with the ▓▓▓▓ products;

b. passing off, inducing, or enabling others to sell or pass off any product or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the ▓▓▓▓ design protected by Copyright Registration No. ▓▓▓▓▓▓;

c. further infringing Copyright Registration No. ▓▓▓▓▓▓ and damaging Plaintiff's goodwill;

d. using, linking to, transferring, selling, exercising control over, or otherwise owning the Defendant Internet Stores, or any other online marketplace account that is being used to sell products or inventory not authorized by Plaintiff which are derived from the Copyright Registration No. ▓▓▓▓▓▓ ▓▓▓▓▓▓ design;

2) Entry of an Order that, upon Plaintiff's request, those in privity with Defendants and those with notice of the injunction, including any online marketplaces including Amazon.com, social media platforms, Facebook, YouTube, LinkedIn, Twitter, internet search engines such as Google, Bing, and Yahoo, web hosts for the Defendant Internet Stores, shall:

a. disable and cease providing services for any accounts through which Defendants engage in the sale of products not authorized by Plaintiff which use Copyright Registration No. ▓▓▓▓▓▓▓▓, including any accounts associated with the Defendants;

b. disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of products not authorized by Plaintiff which are derived from Copyright Registration No. ▓▓▓▓▓▓▓▓ and

c. take all steps necessary to prevent links to the Defendants' accounts identified on from displaying in search results, including, but not limited to, removing links to the Defendants' accounts from any search index;

3) For Judgment in favor of Plaintiff against Defendants that they have: a) willfully infringed Plaintiff's rights in Plaintiff's federally registered copyrights pursuant to 17 U.S.C. §501; and b) otherwise injured the business reputation and business of Plaintiff by Defendants' acts and conduct set forth in this Complaint;

4) For Judgment in favor of Plaintiff against Defendants for actual damages or statutory damages pursuant to 17 U.S.C. §504, at the election of Plaintiff, in an amount to be determined at trial;

5) That Plaintiff be awarded Plaintiff's reasonable attorneys' fees and costs; and

6) Award any and all other relief that this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to the Federal Rules of Civil Procedure Rule 38(b), Plaintiff hereby demands trial by jury as to all claims in this litigation.

Date: December 8, 2025                                    Respectfully submitted,

   /s/ Kendal Sheets
Kendal Sheets (VSB No. 44537)
ksheets@dnlzito.com
Tel: 703-489-8937
Joseph J. Zito (*pro hac pending*)
jzito@dnlzito.com
Tel. (202) 466-3500
DNL ZITO
1250 Connecticut Avenue, NW
Suite 700
Washington, DC 20036
Fax: (703) 997-7534

*Attorneys for Plaintiff*

Verified by: /s/ Yan Wang
For: Yan Wang
Plaintiff /Copyright Owner