IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| YAN WANG,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>THE UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A,<br><br>　　　　　Defendants. | Civil Action No. 1:25-cv-2292 |

### DECLARATION OF KENDAL SHEETS IN SUPPORT OF PLAINTIFF'S MOTION TO SEAL

I, Kendal Sheets, of Alexandria, Virginia, declare as follows:

　　　1.　　I am over 18 years of age. I have personal knowledge of the facts set forth herein. I make this declaration in support of Plaintiffs' Motion to Seal (portions of the Complaint [Docket No. 1] and the Schedule A under seal: (1) Portions of the Complaint [Docket No. 1] that has been filed on ECF with public redacted and sealed versions; (2) Exhibit A to the Complaint that contains a copy of Plaintiff's copyright; (3) Exhibit B to the Complaint that contains defendants' names and screenshots from their active e-commerce stores and orders; (4) Exhibit C to the complaint that contains defendants' names and infringement charts; and (5) Schedule A to the Complaint, which lists the Defendants by their Seller Aliases and the accused products, and, if called as a witness, I could and would competently testify as follows:

　　　2.　　I am an attorney at the law firm DNL Zito 1250 Connecticut Avenue, NW, Suite 700, Washington, DC 20036. I have been a member of the bar of the Eastern District of Virginia for over 20 years. My Bar Number if 44,537.

　　　3.　　I represent Plaintiff Yan Wang in this civil action.

4. Sealing the portions of, or entire files of, the documents listed above is necessary to prevent the Defendants from learning of these proceedings prior to the execution of a temporary restraining order by online platforms. Once the temporary restraining order has been served and executed by the third party online platforms, Plaintiff will move to unseal these documents.

5. Plaintiff has a strong interest in preventing Defendants from discovering the existence of this suit. Plaintiff will move for a temporary asset restraint. If the documents identified above are not redacted or filed under seal, Defendants will receive notice that their assets are at risk and will have an incentive to move them beyond the jurisdiction of this and other U.S. courts before they can be restrained.

6. Plaintiff seeks to keep under seal portions of the complaint that state the copyright number of Plaintiff's registered copyright, the property protected by Plaintiff's copyright, and the name and description of Plaintiff's products, Exhibit A which is a copy of Plaintiff's copyright, Exhibit B to the Complaint that contains defendants' names and screenshots from their active e-commerce stores and orders; and Exhibit C to the Complaint that contains infringement charts using screenshots from active e-commerce stores operating under the Seller Aliases.

7. Plaintiff seeks to keep under seal Schedule A that lists the Defendants' aliases names of seller stores and the Amazon standard identification numbers of the accused products.

9. My firm has filed a number of "Schedule A" types of patent and copyright infringement cases in the past three years, many fully under seal and some using redactions as in the present case. If a case is sealed and assets of defendants restrained prior to a defendant's knowledge of a temporary restraining order, then a baseline of the effect of sealing a case and restraining assets for a TRO without notice to the defendant can be determined by receiving early

discovery from Amazon.com or another platform listing balances in a defendant's online merchant account. If seized assets remain, then the seizure was effective. Since there is only one discovered snapshot of defendants' merchant account balance produced by Amazon.com after an account freeze, there is typically no before-and-after a TRO account freeze comparison to analyze if defendants had advanced knowledge of such a freeze.

10. However, in two instances out of the Schedule A cases I have filed in this District, there was notice to defendants of a complaint and TRO motion prior to an asset freeze, which provides an analysis of the actions of foreign online sellers' actions if such accused sellers have advanced knowledge of an impending account freeze. In the first instance, some accounts were dissipated. In the second instance that occurred this year, defendants had advanced knowledge of an impending asset freeze, and all but three out of 19 defendants' Amazon.com merchant accounts <u>were emptied to a zero balance prior to plaintiff obtaining and executing a TRO</u>. (Emphasis added.)

11. In the first instance, I represented the Plaintiff in *Thousand Oaks Barrel Co LLC v. The Partnerships, etc.,* Civ. Action No. 1:23-cv-1563 (E.D. Va. Nov. 16, 2023). An example of such transfer of assets occurred multiple times in that case. That case was <u>not</u> filed under seal. (Emphasis added.) Within days of the complaint going public on PACER, I began to receive emails and phone calls from attorneys, many of whom were based in China.

12. It took approximately three and a half weeks between the date of filing the complaint and the seizure of seller accounts by Amazon.com based on the temporary restraining order. When I received discovery from Amazon, I found that a number of seller accounts had sold over $100,000.00 of goods but only had less than $5,000.00 left in their seller accounts by the time the TRO was executed by Amazon.com.

3

13. Over the course of the lawsuit, I learned there are many China based attorneys and US based attorneys representing sellers on Amazon.com. Either the sellers, or their attorneys for them, monitor PACER for any notice a lawsuit against them. This gives them time to withdraw funds from their seller accounts.

14. In the second instance, I filed *Changzhou Jutai Electronic Co. Ltd. v. The Unincorporated Associations Identified on Schedule A*, Case No. 1:25-cv-1654 (PTG/WBP) (E.D. Va. Oct. 1, 2025) as a redacted complaint with a TRO motion and motions for early discovery against all foreign defendants. The Defendants could not have learned of the case through PACER since their names were redacted. Magistrate Judge Porter granted Plaintiff's motion for early discovery a week prior to the TRO hearing. However, instead of waiting to send a discovery request along with a TRO (which was granted by Judge Giles), I sent the discovery order to Amazon.com immediately. Amazon.com complied with the discovery order but apparently notified the defendants immediately that they were the subject of a complaint in this District. When discovery was received from Amazon.com, it showed that sixteen out of nineteen of the defendants' merchant accounts had been zeroed out although all defendants were actively selling accused products. This is the first time that I sent discovery requests earlier than the TRO order to Amazon.com, and therefore it is an excellent example of how defendants react to move assets outside of the jurisdiction of this Court when they are provided early notification of a complaint and potential TRO freeze upon their Amazon.com accounts.

15. Based on my prior experiences filing Schedule A cases, I have no doubt that defendants and/or law firms and/or company agents are watching PACER for the reasons stated above. If defendants are provided advanced knowledge of a potential TRO freeze, the vast majority of them will zero out account balances of their online merchant accounts and therefore

deprive Plaintiff of the ability to collect any potential damages if Plaintiff is successful in his patent infringement count.

16. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated this 15th day of December, 2025.

_____
Kendal Sheets