**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

<table>
<tr><td>

YAN WANG,

        **Plaintiff,**

**v.**

THE UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE A,

        **Defendants.**

</td><td>

**Case No. 1:25-cv-2292 (LMB/WBP)**

</td></tr>
</table>

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S *EX PARTE* MOTION FOR
EXPEDITED DISCOVERY**

Plaintiff Yan Wang ("Plaintiff") by counsel, and pursuant to 15 U.S.C. § 1116 and Fed.

R. Civ. P. 65, submits this Memorandum of Law in Support of her *Ex Parte* Motion for

Expedited Discovery in support of Plaintiff's Motion for Entry of a Temporary Restraining

Order.

**I.     Introduction and Summary of Action**

This action seeks to stop the online sale of knock-off goods and copyright infringement

by Defendants, as identified on Schedule A of the Verified Complaint (collectively, the

"Defendants"), which on information and belief, the majority are originally manufactured in

China. In the Verified Complaint, Plaintiff filed against Defendants for copyright infringement

pursuant to the Federal Copyright Act, 17 U.S.C. § 101, et seq. Compl. ¶ 1. Plaintiff's

copyrighted works are sold directly by Plaintiff via online retail platforms. Id. ¶¶ 14-16.

**II.     Plaintiff is Entitled to Limited Expedited Discovery**

Defendants sell on Amazon.com using anonymous, alias names as their "seller" names. Plaintiff requests this Court to permit expedited third-party discovery from Amazon.com regarding each of Defendants' true identities, email addresses, contact information, sales information, and the location and value of each of Defendants' financial accounts. Without this discovery, Plaintiff will not have contact information for the Defendants, which is held confidentially by the online platforms, as well as the amounts that should be frozen in the Defendants' seller accounts to maintain the status quo.

Courts have "broad discretion" to supervise discovery. *Russell v. Absolute Collection Servs., Inc.*, 763 F.3d 385, 396 (4th Cir. 2014). This latitude includes the ability to permit discovery to commence prior to a Rule 26(f) conference. See Fed. R. Civ. P. 26(d)(1) (allowing a party to conduct discovery without a Rule 26(f) conference if ordered by the court). Under Rule 65(d)(2), this Court has the authority to bind not only each of Defendants, but "those persons in active concert or participation with" them. See Fed. R. Civ. P. 65(d)(2). The relief provided under Rule 65(d)(2) extends to financial institutions conducting business with a defendant. *See Volkswagen Group of America, Inc. v. Unincorporated Ass'ns*, No. 1:19-cv-01574 (E.D. Va. Dec. 20, 2019), ECF No. 21 (granting a TRO directing third-party discovery).

This Court has regularly permitted expedited discovery in the interest of justice in order to allow Plaintiff to identify John Doe defendants under Federal Rule of Civil Procedure 26(d)(1). *See Id.* (granting expedited discovery). The Fourth Circuit has not articulated a specific standard for analyzing motions requesting early discovery, but courts in this circuit and around the country have applied a "reasonableness" test that asks whether the plaintiff has shown good cause for expedited discovery. *See, e.g., Chryso, Inc. v. Innovative Concrete Solutions of the Carolinas,*

2

*LLC*, No. 5:15-CV-115, 2015 WL 12600175, at *3 (E.D.N.C. June 30, 2015) ("apply[ing] the reasonableness-based test when a party seeks to conduct discovery prior to the Rule 26(f) conference in order to prepare for a preliminary injunction hearing").

Courts routinely find good cause to grant expedited discovery to enable a Plaintiff to identify John Doe defendants in intellectual property infringement cases. *See,* TRO Order, *Thousand Oaks Barrel Co., LLC v. The Partnerships, etc.*, No. 1:23-cv-1560 (E.D. Va. Nov. 16, 2023) (MSN/LRV), ECF No. 11 (granting expedited discovery); TRO Order *Thousand Oaks Barrel Co., LLC v. The Partnerships, etc.*, No. 1:23-cv-1563 (E.D. Va. Nov. 16, 2023) (MSN/LRV), ECF No. 14 (granting same); TRO Order, *Thousand Oaks Barrel Co., LLC v. The Partnerships, etc.*, No. 1:24-cv-0958 (E.D. Va. Jun. 21, 2024) (MSN/LRV), ECF No. 20 (granting same); TRO Order, *Shenzhen Ke Xiu Technology Co. Ltd, v. The Unincorporated Ass'ns*, No. 1:24-cv-1465 (E.D. Va. Aug. 21, 2024) (CMH), ECF No. 14 (granting same). Such expedited discovery is necessary to permit Plaintiff to identify the proper defendant(s), protect their rights, and obtain relief. *See Hard Drive Prods*., 2011 WL 2634166, at *2. Accordingly, Plaintiff requests that the Court grant Plaintiff permission to conduct limited expedited third-party discovery directed at the Amazon.com online retail platform used by Defendants for the purpose of seeking to identify Defendants and the scope of each Defendants' activities giving rise to this action.

### III.    Conclusion

For the foregoing reasons, Plaintiff requests that this Court issue an order permitting expedited discovery of Schedule A defendants.

Date: December 15, 2025

Respectfully submitted,

   /s/   Kendal M. Sheets

Kendal Sheets (VSB No. 44537)
ksheets@dnlzito.com
Tel: 703-489-8937
Joseph J. Zito (*pro hac vice pending*)
jzito@dnlzito.com
Tel. (202) 466-3500
DNL ZITO
1250 Connecticut Avenue, NW
Suite 700
Washington, DC 20036
Fax: (703) 997-7534

*Attorneys for Plaintiff*